UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LEROY HENDERSON,

                Petitioner,

v.                                  Case No. 3:05-cv-616-J-20MMH

JAMES V. CROSBY, JR., et al.,

                Respondents.

_____

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner Leroy Henderson, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on July 5, 2005.[1]  Petitioner challenges a 1997 state court (Duval County, Florida) judgment of conviction for two counts of sale or delivery of cocaine.

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter

---

[1] The Petition (Doc. #1) was filed in this Court on July 5, 2005; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (June 29, 2005).  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The Court will also give Petitioner the benefit of the mailbox rule with respect to his state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

AEDPA).  This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1)  A  1-year  period  of  limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to  the  judgment  of  a  State  court.   The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became  final  by  the  conclusion  of direct  review  or  the  expiration  of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State  action  in  violation  of  the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the  date  on  which  the constitutional  right  asserted  was initially recognized by the Supreme Court,  if  the  right  has  been  newly recognized by the Supreme Court and made  retroactively  applicable  to cases on collateral review; or
>>
>> (D) the date on which the factual predicate  of  the  claim  or  claims presented could have been discovered through  the  exercise  of  due diligence.
>
> (2) The  time  during  which  a  properly  filed application for State post-conviction or other collateral  review  with  respect  to  the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

2

Respondents contend that Petitioner has not complied with the one-year period of limitation as set forth in this subsection. See Respondents' Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #12) and Memorandum in Support of Motion to Dismiss Untimely Petition for Writ of Habeas Corpus (Doc. #13). In support of their contentions, they have submitted exhibits.[2] Petitioner was given admonitions and a time-frame to respond to the Motion to Dismiss. See Court's Order to Show Cause and Notice to Petitioner (Doc. #7). Petitioner has responded to the Motion to Dismiss. See Petitioner's Traverse (Doc. #14).

Petitioner was tried by a jury and adjudicated guilty of two counts of sale or delivery of cocaine, found to be a habitual felony offender and sentenced to concurrent seventeen-year sentences on each count. Ex. A, Judgment, filed October 6, 1997; see http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections). On September 14, 1998, the appellate court per curiam affirmed without a written opinion. Henderson v. State, 722 So.2d 195 (Fla. 1st DCA 1998); Ex. C. On October 1, 1998, the mandate was issued. Ex. D.

Petitioner's conviction became final on December 13, 1998 (ninety days after entry of the judgment). See Supreme Court Rule

---

[2] The Court will hereinafter refer to Respondents' exhibits as "Ex."

13.3.[3]  This was <u>after</u> the April 24, 1996, effective date of the
AEDPA.   Therefore, Petitioner had one year from the date his case
became final to file the federal petition (December 13, 1999).  His
Petition, filed in this Court on June 29, 2005, would be untimely
unless he could avail himself of one of the statutory provisions
which extends or tolls the time period.

**The one-year period of limitation ran for one-hundred and
thirty (130) days** until Petitioner, on April 23, 1999, filed a *pro
se* motion for post conviction relief.  Ex. E.  On July 10, 2000,
Petitioner, through counsel, filed a separate motion for post
conviction relief.  Ex. F at 1-16.  On April 6, 2001, the trial
court denied the motions without conducting an evidentiary hearing.
<u>Id</u>. at 17-50.  On October 24, 2001, the appellate court per curiam
affirmed without a written opinion.  Ex. G.  On November 9, 2001,
the mandate was issued.  Ex. H.

**The one-year period of limitation ran again for one-hundred
and twenty-three (123) days** until Petitioner, on March 13, 2002,
filed a *pro se* second motion for post conviction relief.  Ex. I at
1-21.  On June 6, 2002, the trial court denied the motion, stating
that the motion was "procedurally barred as an abuse of process"
since he had previously filed a motion for post conviction relief

---

[3] Supreme Court Rule 13.3 states, in pertinent part, that
"[t]he time to file a petition for a writ of certiorari runs from
the date of entry of the judgment or order sought to be reviewed,
and not from the issuance date of the mandate[.]"

4

which was denied on the merits.  Id. at 22-45.  On May 5, 2003, the appellate court per curiam affirmed without a written opinion.  Ex. J.  On June 25, 2003, the mandate was issued.  Ex. K.

**The one-year period of limitation ran again for eighty-nine (89) days** until Petitioner, on September 23, 2003, filed a *pro se* petition for writ of habeas corpus in the appellate court.  Ex. L.  On November 5, 2003, the appellate court denied the petition.  Henderson v. State, 858 So.2d 1056 (Fla. 1st DCA 2003); Ex. M.

**The one-year period of limitation ran again for forty (40) days** until Petitioner, on December 16, 2003, filed a *pro se* third motion for post conviction relief.  Ex. N at 1-27.  On November 2, 2004, the trial court ruled that Petitioner's allegations did not constitute newly discovered evidence, and that the motion was "procedurally barred and constitutes an abuse of process."  Id. at 90-119.  On May 20, 2005, the appellate court per curiam affirmed.  Ex. O.  On June 15, 2005, the mandate issued.  Ex. P.

**The one-year period of limitation ran again for thirteen (13) days** until Petitioner, on June 29, 2005, filed his Petition in this Court.  Thus, when Petitioner filed his Petition in this Court, a total of three-hundred and ninety-five (395) days of untolled time had elapsed.  Since this exceeds the one-year period of limitation, the Petition is untimely.

Petitioner concedes that his Petition, filed in this Court on June 29, 2005, is untimely.  See Traverse at 3.  Equitable tolling

is appropriate when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 125 S.Ct. 1571 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling applies "only in truly extraordinary circumstances" and "is typically applied sparingly." Id. (citations omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted).

Here, Petitioner's complaints about dealing with institutional law libraries do not amount to extraordinary circumstances. In fact, the matters about which Petitioner complains constitute the rather ordinary circumstances faced by a *pro se* inmate petitioner in prison. There is nothing unusual or extraordinary about the difficulties Petitioner has encountered while incarcerated in prison. Furthermore, Petitioner has not shown an unconstitutional impediment to his right of access to the courts. See Akins v. United States, 204 F.3d 1086, 1090 (11th Cir.), cert. denied, 531 U.S. 971 (2000). In sum, Petitioner has failed to show extraordinary circumstances which prevented him from filing a timely petition.

The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable even with diligence, and this high hurdle will not be surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir.), petition for cert. filed, (U.S. Oct. 28, 2005) (No. 05-7406); Wade v. Battle, 379 F.3d at 1265 (citation omitted); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam), reh'g and suggestion for reh'g en banc denied, 207 F.3d 666 (11th Cir. 2000). Petitioner has not shown extraordinary circumstances that were both beyond his control and unavoidable even with diligence. Thus, he is not entitled to equitable tolling of the limitation period in the case at bar.

In sum, Petitioner has not shown any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Therefore, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

7

Therefore, it is now

**ADJUDGED:**

1.     Respondents' Motion to Dismiss (Doc. #12), in which they request the dismissal of the Petition, is **GRANTED.**

2.     The case is **DISMISSED** with prejudice.

3.     The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4.     The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this _6__ day of December, 2005.

_____
UNITED STATES DISTRICT JUDGE


sc 12/6
c:
Leroy Henderson
Assistant Attorney General (Winokur)

8